# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER MEYER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL BUREAU | ) |
| OF INVESTIGATION, | ) |
| 935 Pennsylvania Ave. NW | ) |
| Washington, D.C. 20535 | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| 950 Pennsylvania Ave. NW | ) |
| Washington, D.C. 20530 | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

1.     Plaintiff CHRISTOPHER MEYER brings this suit to force Defendants FEDERAL BUREAU OF INVESTIGATION and U.S. DEPARTMENT OF JUSTICE to conduct a reasonable search, issue a determination, and produce records regarding himself in his former capacity as an FBI agent.

## PARTIES

2.     Plaintiff CHRISTOPHER MEYER was formerly employed by FBI and DOJ as an FBI agent and made the FOIA request at issue in this case for records regarding himself.

3.     Defendant FEDERAL BUREAU OF INVESTIGATION is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.     Defendant U.S. DEPARTMENT OF JUSTICE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  DOJ is the parent agency of FBI.

**JURISDICTION AND VENUE**

5.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question

conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

6.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

**SEPTEMBER 17, 2025 FOIA REQUEST TO FBI**

7.      On September 17, 2025, Plaintiff submitted a FOIA request to FBI seeking the

following records pertaining to himself:

> [1.] Please provide all information including, but not limited to, performance reports (PARs), award submissions and citations (time off, monetary, medal of excellence), background investigation(s) (initial/renewal), SF-50s, military records (DD-214, veterans preference records), promotion records, position history, summary of case assignments (case number only), SWAT certifications, pilot certifications and logbooks, training records (Virtual Academy, in-person, etc), initial FBI academy training records, evaluations and reports.
>
> [2.] Records related to my termination including, but not limited to, unclassified emails (green or red), text messages, Skype/lync messages, written communications, notes and other physical or digital media involving FBI officials including, but not limited to, Director Kashyap Patel, DAD Steven G. Palmer, ADD Will Rivers, DAD Sean T. Ryan and AD Brian Driscoll. Special emphasis on communications from July 31, 2025, to the date of this request. These records may include communications related to my prior case assignments, current assignment (at the time), status as a pilot, legality of my termination, meeting requests, meeting minutes, drafts of my termination memo, human resource (HR) personnel emails related to my termination, timing of my termination and reason(s) for my termination.
>
> [3.] Records related to communications to or from FBI employees pertaining to myself and former FBI Agent Kyle Seraphin between July 1, 2025, and the date of this request.
>
> [4.] Records related to communications to or from FBI employees pertaining to myself and former FBI Agent Stephen Friend between July 1, 2025, and the date of this request.
>
> [5.] Records related to any internal searches of FBI systems (Sentinel, employee Rolodex, etc) for my name, work history and/or

current work assignment between July 1, 2025, and the date of this request including, but not limited to, the date of the query, system queried, search term/string, nature/reason for the search and identity of the individual conducting the search.

[6.] Records related to my March 2025 promotion to the Special Flight Operations Unit, including the approval of my promotion based on critical needs, the original vacancy announcement, the assignment of a "hard to fill" bonus associated with the job, my HR source request to have the bonus paid and FBI's denial of said payment, my application, notes from the selection board and any other approvals/notes.

8.      A true and correct copy of the FOIA request is attached as Exhibit 1.  MEYER's personal information has been redacted for privacy.

9.      On September 24, 2025, FBI acknowledged receipt of the FOIA request, assigned reference number 1681736-000 to the matter, and claimed that its ability to issue a determination on the request will be delayed due to "unusual circumstances."  FBI also stated that it would "neither confirm nor deny" the existence of records pertaining to one or more third parties pursuant to FOIA Exemptions (b)(6) and (b)(7)(c).

10.     A true and correct copy of the correspondence is included in Exhibit 2.

11.     On November 14, 2025, FBI denied Plaintiff's request for a fee waiver.

12.     A true and correct copy of the correspondence is attached as Exhibit 3.

13.     On November 18, 2025, FBI stated that it located "approximately 1,265 pages of records" potentially responsive to the request and indicated that the request would be placed in the "large queue" for processing, which had a median response time of "approximately 67 months."

14.     A true and correct copy of the correspondence is attached as Exhibit 4.

15.     On January 15, 2026, Plaintiff asked FBI for an update on its timeline to respond to the FOIA request and stated that the 67 months referenced in FBI's November 18, 2025 letter "is both surprising and unacceptable."

16.     A true and correct copy of the correspondence is attached as Exhibit 5.

17.     On January 23, 2026, FBI stated that the request "remains in process" and asked if Plaintiff would like to be put into contact with a member of its "Requester Engagement Team" to "discuss the possibility of narrowing the scope of [the] request to a smaller processing track."  *Id*.

18.     On February 17, 2026, Plaintiff agreed to speak with a member of the Requester Engagement Team.  *Id*.

19.     On February 25, 2026, FBI asked Plaintiff to "allow 2-3 weeks" for a representative from the Requester Engagement Team to contact him.  *Id*.

20.     On March 3, 2026, FBI again stated that it located "approximately 1,265 pages" potentially responsive to the request, placed the request in the "large" processing track, and stated that the average time to complete large track requests was "approximately 67 months."  FBI extended an opportunity for Plaintiff to narrow the scope of the request for faster processing.

21.     A true and correct copy of the correspondence is included in Exhibit 6.

22.     On March 18, 2026, FBI sent a follow-up message to Plaintiff inquiring whether he wished to narrow the request for faster processing.  *Id*.

23.     On March 18, 2026, Plaintiff replied to FBI indicating that he was "evaluating this option" and asking FBI to confirm whether narrowing the scope of the request to personnel records would still require almost five years to be processed, or if an analyst would be assigned sooner.  *Id*.

24.     On March 19, 2026, FBI responded that Plaintiff's five-year estimate was "correct" and asked whether Plaintiff sought any specific records within the personnel file.  FBI stated that it "receives tens of thousands of requests per year, many generating thousands of pages, all which accounts for the time required to process [the] request."  *Id*.

25.     On April 23, 2026, Plaintiff sought an estimated date of completion and inquired about the status of the request, including whether a search for records had been completed, how

many pages were located in response to the search, and whether an analyst had been assigned to review the records.

26. A true and correct copy of the correspondence is included in Exhibit 7.

27. On April 28, 2026, FBI stated that the request was "presently awaiting assignment to a disclosure analyst" and provided an estimated date of completion of April 2031. *Id*.

28. On May 29, 2026, Plaintiff sent a follow-up message to FBI inquiring about the status of the request and whether an analyst had been assigned to the matter.

29. A true and correct copy of the correspondence is attached as Exhibit 8.

30. On June 2, 2026, FBI stated that the request "is presently awaiting assignment to a Disclosure analyst" and provided an estimated date of completion of April 2031. *Id*.

31. FBI did not send any further correspondence to Plaintiff regarding this request.

32. As of the date of this filing, FBI has not issued a determination on Plaintiff's request.

33. As of the date of this filing, FBI has failed to make any responsive records promptly available to Plaintiff.

**COUNT I – FBI'S FOIA VIOLATION**

34. Paragraphs 1-33 are incorporated by reference.

35. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

36. Defendant FBI is a federal agency subject to FOIA.

37. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

38. Defendant FBI has failed to conduct a reasonable search for records responsive to the request.

39.     Defendant FBI has failed to issue a determination within the statutory deadline.

40.     Defendant FBI has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i.      declare that Defendants have violated FOIA;

ii.     order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii.    enjoin Defendants from withholding non-exempt public records under FOIA;

iv.     award Plaintiff attorneys' fees and costs; and

v.      award such other relief the Court considers appropriate.

Dated: June 25, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
CHRISTOPHER MEYER

Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
foia@loevy.com